# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PEOPLE'S UNITED EQUIPMENT § | | |
| FINANCE CORP., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-4278 |
| § | | |
| SOUTHEASTERN CONCRETE § | | |
| PUMPING, INC., *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 26] filed by Plaintiff People's United Equipment Finance Corp. ("People's United"). By Order [Doc. # 27] entered November 3, 2011, the Court directed Defendants Southeastern Concrete Pumping, Inc. ("Southeastern"), Stankunas Concrete, Inc. ("Concrete") and Frank Stankunas to file any opposition to the Motion by November 14, 2011.[1]

Defendants neither filed a Response nor requested additional time to do so. Pursuant to the Local Rules of the United States District Court for the Southern

---

[1] Defendant Cade Reaves filed a Suggestion of Bankruptcy [Doc. # 15] on February 25, 2011. Consequently, all proceedings as against him are stayed pursuant to 11 U.S.C. § 362(a)(1).

District of Texas, failure to respond to a motion is taken as a representation of no opposition.  S.D. TEX. R. 7.3, 7.4.  However, when a party fails to respond to a dispositive motion, the Court must nevertheless consider the merits of the motion.  *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).  Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion for Summary Judgment.

## I.      UNCONTROVERTED FACTS

Plaintiff provided financing for Southeastern to purchase equipment.  Specifically, in September 2008, Southeastern executed a Promissory Note in the amount of $528,096.00, to be paid in monthly installments until paid in full.  When the terms of the original Promissory Note were modified and extended at Southeastern's request, Southeastern executed a blanket Security Agreement granting Plaintiff a security interest in all Southeastern's assets.

Concrete and Stankunas each executed a Guaranty in connection with the Promissory Note.  Each Guaranty provided that the named Guarantor agreed to be directly and unconditionally liable to Plaintiff for the amounts due under the Promissory Note, and provided that the Guarantor's liability was without prior resort to any other right, remedy, or security.

Southeastern, Concrete and Stankunas have failed to make the installment payments as they became due. After giving proper notice, Plaintiff accelerated the obligations under the Promissory Note and sold certain pieces of equipment at public sale for $200,000.00. After providing a credit for the sales proceeds, less reasonable expenses of the sale, there remains an unpaid balance under the Promissory Note of $250,001.62, plus interest and attorneys' fees. Pre-judgment interest is accruing at the contractual rate of 18% per annum.

## II.  STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*

*Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III. <u>ANALYSIS</u>

In this case, Plaintiff has presented evidence that Southeastern is in default on the Promissory Note and that Concrete and Stankunas are in default on their respective Guaranties. Plaintiff has presented evidence that it gave proper notice prior to

acceleration of the amount due under the Promissory Note and prior to the public sale of equipment. Plaintiff has presented evidence that the proceeds of the public sale were $200,000.00, which is the fair market value of the equipment sold. Plaintiff has presented evidence that the reasonable expenses it incurred in connection with the public sale were $13,089.14. Plaintiff's evidence shows that the remaining balance on the Promissory Note is $250,001.62, plus pre-judgment interest at the contractual rate of 18% per annum. Defendants have presented no evidence to the contrary.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Defendants have failed to present evidence that raises a genuine issue of material fact, therefore, Plaintiff is entitled to summary judgment. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 26] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **23rd** day of **November, 2011**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge